# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| M.E.B., a minor, through her Next Friend and Natural mother, LOPA BLUMENTHAL, ) ) ) ) Plaintiff, ) ) v. ) ) CREDIT COLLECTION SERVICES, INC., ) ) Defendant. ) | No. 4:20-CV-1295 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 11). This matter is fully briefed and ready for disposition.[1]

## LEGAL STANDARD

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009);

---

[1] Plaintiff has not filed a reply in support of her Motion to Remand, but the time for filing a reply has run. E.D.Mo. L.R. 4.01(C).

*City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

## DISCUSSION

Plaintiff alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") (Count I), the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA") (Count II), the Missouri Merchandising Practices Act, R.S. Mo. §407.020 ("MMPA") (Count III),[2] and for excessive fees and costs under R.S. Mo. §§408.050 and 408.080 (Count IV). *See* Petition, ECF No. 6. Defendant removed this action on September 22, 2020 because Plaintiff's Petition alleges claims arising under federal law. *See* 28 U.S.C. §§1331, 1441(a). Defendant's Notice of Removal contends removal is proper because this Court has original jurisdiction over Plaintiff's alleged violations of the FDCPA and FCRA, which are claims brought under the laws of the United States. (ECF No. 1). Defendant further contends that this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the remaining claims in Plaintiff's Petition. (*Id.*)

On October 19, 2020, Plaintiff filed a Motion to Remand this action to state court. (ECF No. 11). Plaintiff claims that she should "be permitted to choose the jurisdiction [she] want[s] [her] causes to be heard in." (ECF No. 11-1 at 1). Plaintiff further maintains that Defendant has not met "its heavy burden of proving that this case should have been removed to federal court" because it "failed to comply with Federal Rule of Civil Procedure 7.1 and Local Rule 3-2.09 for the United States District Court for the Eastern District of Missouri." (ECF 11-1 at 1). In the alternative, Plaintiff asks that this Court remand her state law claims in Counts III and IV to the "Circuit Courts of Missouri because they are state law claims." (ECF No. 11-1).

---

[2] Plaintiff mistakenly refers to this as the Missouri Merchandise Practices Act. (ECF No. 6 at Count III).

Plaintiff claims that this Court should remand this action because a purported defect in Defendant's Disclosure of Organizational Interests makes the "removal procedure" defective. (ECF No. 11-1 at 5-6). Plaintiff, however, cites to no authority for her proposition that an allegedly defective Disclosure of Organizational Interests Certificate provides a basis for remand. *See* ECF No. 11-1 at 2-6.[3]

Even if Defendant's Disclosure of Organization Interests was somehow deficient, that procedural deficiency cannot trump Defendant's substantive right to remove this action under 28 U.S.C. §1331. That is, the federal rules cannot abrogate Defendant's statutory right to remove claims brought under federal law. *See Snyder v. Harris*, 394 U.S. 332, 337–38 (1969) (citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 10, 61 S. Ct. 422, 425, 85 L. Ed. 479 (1941) ("this Court held that the rulemaking authority was limited by 'the inability of a court, by rule, to extend or restrict the jurisdiction conferred by a statute'"). Therefore, the Court finds no basis for remand based upon any alleged deficiency in Defendant's Disclosure of Organizational Interests Certificate.

The Court also finds this Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. §1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Well-settled federal precedent instructs that "once a court has original jurisdiction over some claims in the action, it

---

[3] Defendant notes that Fed. R. Civ. P. 7.1(b) permits a party to "cure" any defects or omissions to an initial Rule 7.1 disclosure by filing a "supplemental statement if . . . required information changes." Defendant filed a supplemental disclosure statement on September 29, 2020 (ECF No. 8), which Defendant contends cured any defect. Thus, the remedy for a purported deficiency in the Disclosure of Organizational Interests Certificate is provided for in the Rules and is not remand of the action to State Court.

may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Plaintiff does not assert that her state law claims are not part of the same case or controversy as her federal claims. Rather, Plaintiff seems to argue that this Court should sever and remand the MMPA and excessive fees claims to state court simply because they are state law claims. Again, Plaintiff provides no legal support for severing state law claims which are based upon the same facts as the properly-removed, federal statutory claims. The Court, therefore, denies Plaintiff's Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 11) is **DENIED**.

Dated this 4th day of December, 2020.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**